Commonwealth *v.* Mack, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Theodore S. Danforth,* Public Defender, for appellant.

*Michael H. Ranck,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 23, 1974:

On October 2, 1973, the Appellant, Daniel Nathaniel Mack, Jr. entered a plea of guilty to a charge of Robbery with Accomplice by Violence.[1] He claims that the guilty plea colloquy was deficient in two particulars:

(1) There is allegedly no showing that defendant understood the nature and elements of the charge to which he pled guilty; and

---

[1] Appellant also entered a plea of guilty to a charge of being an accessory to a murder at Lancaster County No. 1269 of 1973. The sentence on that plea has not been put into question by the instant appeal.

(2) There is allegedly no showing that the defendant understood that he was presumed innocent until proven guilty beyond a reasonable doubt.

In making both claims, appellant relies on *Commonwealth v. Ingram,* 455 Pa. 198, 316 A. 2d 77 (1974). This case was decided by our Supreme Court on January 24, 1974, and we have determined that the *Ingram* holding is to be afforded prospective application only. See *Commonwealth v. Schork,* 230 Pa. Superior Ct. 411, 326 A. 2d 878 (1974). We must resolve the issues presented in this case by reference to pre-*Ingram* decisions.

We have examined the record closely and have found that the lower court clearly explained to the appellant the factual basis for the charges against him. Appellant during the colloquy acknowledged that he and a cohort had forcefully stolen a purse containing money from a female pedestrian on the date charged in the indictment. This satisfied the requirement (in effect at the time of the plea) that the appellant have a factual understanding of the charge so as to enter a valid plea. See *Commonwealth v. Campbell,* 451 Pa. 465, 304 A. 2d 121 (1973); *Commonwealth v. Jackson,* 450 Pa. 417, 299 A. 2d 209 (1973); *Commonwealth v. Maddox,* 450 Pa. 406, 300 A. 2d 503 (1973).

The second claim of the appellant is that his plea should be voided because the presumption of innocence was not explained to him during the colloquy. We have examined the record and found that this assertion is true. Rule 319, paragraph (a) of the Pennsylvania Rules of Criminal Procedure provides that the trial court shall make an inquiry on the record to satisfy itself that the plea is ". . . voluntarily and understandingly tendered." The Comments to this Rule note that the trial court, to satisfy the requirements of the Rule, question the defendant, *inter alia,* on the following: "(4) Does the defendant understand that he is presumed innocent until he is found guilty?"

In *Commonwealth v. Ingram, supra,* the Supreme Court discussed in detail Rule 319 and the matters discussed above. It was pointed out that cases prior to *Ingram,* and the language of the Comment, merely indicated that the Comment questions and suggestions were the "preferred practice". See also *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968) ; *Commonwealth v. Belgrave,* 445 Pa. 311, 285 A. 2d 448 (1971). However, *Ingram* mandated that such "preferred practice" would become the "mandatory practice" in Pennsylvania. As already noted, we have held, in *Commonwealth v. Schork, supra,* that *Ingram* is not to be afforded retroactive application. The Supreme Court specifically noted in *Ingram* that it had not yet voided any plea merely because the presumption of innocence was not mentioned to the defendant during the colloquy. We see no compelling reason to change that policy in the instant case in which the plea preceded *Ingram.* In other respects, the plea colloquy satisfied the requirements then in effect and we cannot hold that the plea was void merely for the cause argued. We find that it was properly accepted by the trial court.

Affirmed.