Commonwealth *v.* Schork, Appellant.

412

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joel Every, Carl T. Bogus,* and *Steinberg, Greenstein, Richman & Price,* for appellant.

*Douglas B. Richardson, Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 23, 1974:

In the above captioned case, the appellant pleaded guilty to various charges; the guilty pleas were entered prior to January 24, 1974. The appellant claims that the decision in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A. 2d 77 (1974) (decided January 24, 1974), should be applied to his appeals. In *Ingram,* as more fully discussed, *infra,* our Supreme Court dealt with the subject of the adequacy of colloquies required prior to the acceptance of guilty pleas by our trial courts. In light of the multitude of appeals reaching this Court and the

Supreme Court each year challenging the sufficiency of guilty plea colloquies, it can certainly be expected that many, like the instant appeal, will argue that the holding in *Ingram* should be applied retroactively. For this reason, we deem it both judicially wise and necessary to examine this retroactivity issue promptly in order to provide a guide for future appeals. Thus, prior to discussing the claims arising in the instant case, we will discuss the application of *Ingram.*

In *Ingram,* the appellant claimed *inter alia,* that the on-the-record colloquy prior to his guilty plea to murder was deficient under the requirements of Rule 319 (a) of the Pennsylvania Rules of Criminal Procedure.[1] The Supreme Court, after a discussion of prior cases[2] relating to Rule 319(a) and requirements for valid colloquies held that ". . . the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms (to the defendant at the time of the plea)." 455 Pa. at 203-204, 316 A. 2d at 80. This explanation of the legal elements of the crime was held necessary to assure that the defendant has an understanding of the charge or charges prior to the entry of his plea.[3]

---

[1] That section reads:

"(a) A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record."

[2] Included, *inter alia,* were: *Commonwealth v. Campbell,* 451 Pa. 465, 304 A. 2d 121 (1973) ; *Commonwealth v. Jackson,* 450 Pa. 417, 299 A. 2d 209 (1973) ; *Commonwealth v. Maddox,* 450 Pa. 406, 300 A. 2d 503 (1973) ; *Commonwealth v. Belgrave,* 445 Pa. 311, 285 A. 2d 448 (1971) ; and *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968).

[3] *Commonwealth v. Campbell, supra,* and *Commonwealth v. Maddox, supra,* both dealt with the necessity that the trial court examine the defendant's understanding of the *factual* basis of the

It is, as stated *supra,* the sole issue for resolution in this part of this opinion whether or not we should retroactively apply the *Ingram* holding. In the recent case of *Commonwealth v. Lockhart,* 227 Pa. Superior Ct. 503, 322 A. 2d 707 (1974), this Court dealt with the issue of whether the decision in *Commonwealth v. Williams,* 454 Pa. 368, 312 A. 2d 597 (1973) should be afforded retroactive application. *Williams* concerned the "essential elements" of a jury trial with which a defendant must be familiar before a waiver of the right to a jury trial can be accepted. *Lockhart* is particularly relevant in that it demonstrated the policy considerations which this Court must consider in resolutions such as the instant one and moreover, such policy considerations in *Lockhart* were those that had been enunciated in *guilty plea* cases. In *Lockhart,* we found persuasive the Pennsylvania Supreme Court's reasoning in *Commonwealth v. Godfrey,* 434 Pa. 532, 536, 254 A. 2d 923, 925 (1969)[4] where it was stated: "(I)t is staggering to the imagination to contemplate the chaos which would result if Boykin were applied retrospectively. The overwhelming majority of all convictions result from guilty pleas. In a great many of these cases, inadequate 'on-the-record' examinations were conducted. This would mean that countless cases would have to be retried if Boykin were applied retroactively." This Court, in the careful review of the huge number of appeals reaching it each year is manifestly cognizant of the high percentage of criminal litigants who elect to

crime charged prior to accepting a guilty plea. *Ingram,* as noted above, deals with an understanding of the *legal* elements of the crime charged.

[4] In *Godfrey,* the Court discussed and rejected the retroactive application of *Boykin v. Alabama,* 395 U.S. 238 (1969). In *Boykin,* the United States Supreme Court held that it was error for a trial judge to accept a guilty plea without an on-the-record colloquy showing the plea to be intelligently and voluntarily made.

plead guilty to criminal charges in the Pennsylvania trial courts each year. In the instant situation, we must likewise recognize that retrospective application of *Ingram* will result in the mandatory reversal in scores of appeals in such cases. Such a holding would clearly create the same havoc in the administration of justice which we found loathsome to contemplate in *Lockhart*. We also feel that the *Ingram* holding, further refining the *standards* for colloquies, no more compelling for retroactive application than the landmark *Boykin* decision which enunciated the requirement that there be *any on-the-record colloquy* to demonstrate the voluntariness of a plea. See also *Halliday v. United States,* 394 U.S. 831 (1969).

There are several other cases of which we take note and find persuasive in the resolution of this issue: *Tehan v. Shott,* 382 U.S. 406 (1966) held that *Griffin v. California,* 380 U.S. 609 (1965), which prohibited comment on a defendant's failure to testify, would be applied prospectively only; *Linkletter v. Walker,* 381 U.S. 618 (1965) held that the *Mapp v. Ohio,* 367 U.S. 643 (1961), exclusionary rule would receive no retroactive application; *Johnson v. New Jersey,* 384 U.S. 719, 728 (1966), which held the rulings in the landmark cases of *Miranda v. Arizona,* 384 U.S. 436 (1966) and *Escobedo v. Illinois,* 378 U.S. 478 (1964) be given prospective application only.

In consideration of all of the above, and in the absence of compelling reasons or arguments to the contrary we hold that the rule enunciated in *Commonwealth v. Ingram* should receive prospective application only.

We now must examine the appeal which has raised this issue in the light of the pre-*Ingram* standards.

Dennis Schork appeared before the Court of Common Pleas of Philadelphia on September 4, 1973 and pleaded guilty to charges of burglary, larceny and re-

ceiving stolen goods, arising from three incidents occurring in the Spring and Summer of 1972. He was sentenced to concurrent sentences of four to ten years on all three charges. He claims essentially that the lower court did not adequately advise him of the nature, definitions and elements of the crimes with which he was charged prior to accepting his guilty pleas.

The record shows the following, *inter alia*, in the colloquy at the guilty plea hearing: "Defense counsel: Do you understand you are in court and you are charged with four counts of burglary? Defendant: Yes. Defense counsel: Do you understand, also, three of those burglaries occurred in 1972 and one of them is alleged to have occurred in 1973? The one that is alleged to have occurred this year is charged in Bill No. 1552 of July Sessions, 1973. The three burglaries alleged to have occurred in 1972 were Bills 1549, 1550 and 1551 of July Sessions, 1973; do you understand that? Defendant: Yes. . . . Defense counsel: You have indicated to me you are willing to enter a plea of guilty to certain of the charges here today; is that correct? Defendant: Yes. Defense counsel: I have told you, and will tell you now, in return for your plea of guilty to three of the bills, the bills alleging crimes that occurred in 1972, the District Attorney agreed to move to nol. pros. or discharge the remaining bill, 1552, which alleges a crime which occurred this year; do you understand that? Defendant: Yes. . . . Defense counsel: You understand the charge of burglary carries a maximum sentence of 10 to 20 years on each of the individual charges? Defendant: Yes. . . . By the Court: I take it you are pleading guilty because you have reviewed the charges against you and the facts as you know them, and you feel you are guilty of these three burglaries? Defendant: Yes." The above quoted sections of the colloquy are *all* those which this Court finds could arguably be cited as revealing any explanation of the nature of

the charges to the appellant before his guilty pleas. Of course, at the time of these pleas, an on-the-record colloquy was required. *Boykin v. Alabama, supra; Commonwealth v. Godfrey, supra; Commonwealth v. Belgrave, supra.*

The record shows that the indictments on which all three pleas were based include charges of burglary, larceny and receiving stolen goods. While larceny and receiving stolen goods were purportedly included among the charges to which the appellant pleaded guilty, the record shows that solely charges of burglary were mentioned in the colloquy. Further, as is readily ascertainable from the sections of the colloquy quoted above, the questions and answers *of record* fall far short of a demonstration that appellant understood the nature of the factual basis or legal basis of charges against him, even measured by pre-*Ingram* standards, in effect at the time of this plea. Compare *Commonwealth v. Campbell, supra; Commonwealth v. Jackson, supra; Commonwealth v. Maddox, supra.* We are constrained to hold that the guilty pleas in question are invalid and the convictions must be reversed.

Reversed and remanded for new trial.