Commonwealth *v.* Minor, Appellant.

140

Argued September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Edward Griffith*, for appellant.

*Mark Sendrow*, Assistant District Attorney, with him *Douglas B. Richardson* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

The appellant was arrested on July 4, 1971, and charged with aggravated robbery and carrying a concealed deadly weapon, stemming from an incident in which a cab driver was robbed at knifepoint of $9.40 at Eighth and Market Streets, Philadelphia. Appellant pled guilty to these charges on June 19, 1972; however, sentence was deferred pending pre-sentence investigation and psychiatric examination until February 16, 1973.

No post-trial motions were filed by appellant. However, on February 28, 1973, appellant, *pro se,* filed an appeal and a petition to proceed in *forma pauperis* with this Court. On March 1, 1973, appellant's petition was granted.

In this appeal, appellant contends that his plea of guilty to the charges of aggravated robbery and carrying a concealed deadly weapon was not knowingly, voluntarily, and intelligently made, because the record fails to establish that he was fully aware of the nature and elements of the charged crimes.[1]

Initially, appellant argues that *Commonwealth v. Ingram,* 455 Pa. 198, 315 A.2d 77 (1974), which sets out stringent requirements for the explanation of the legal elements of crimes to defendants proffering guilty pleas, be applied retrospectively to include appellant's 1972 guilty pleas. This precise issue was decided in *Commonwealth v. Schork,* 230 Pa. Superior Ct. 411, 326 A.2d 878 (1974), where this Court held

---

[1] The portion of the colloquy of June 19, 1972, in question is as follows: " Q. How old are you, Mr. Minor? A. 31. Q. You have to keep your voice up? A. 31. Q. How far did you go in school? A. The 12th grade. Q. Do you read, write and understand the English language? A. Yes, I do. Q. Do you understand the charges which you appear at the bar of the Court, to wit: Aggravated Robbery and C.C.D.W., that you have an absolute right to have this matter heard by a jury? A. Yes." (NT 4.)

that the principles enunciated in *Ingram* were to receive prospective application only. See also *Commonwealth v. Mack*, 230 Pa. Superior Ct. 596, 326 A. 2d 881 (1974). In light of *Schork*, this appeal is governed by the pre-*Ingram* standards for the entering of guilty pleas.

Pa. R. Crim. P. 319(a), at the time of the instant guilty plea, provided in pertinent part that: "The judge . . . shall not accept [a guilty plea] unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record." A corollary of this rule is the requirement that appellant understand the nature of the charges to which he pleads. *Commonwealth v. Belgrave*, 445 Pa. 311, 285 A.2d 448 (1971); *Commonwealth v. Enty*, 442 Pa. 39, 271 A.2d 926 (1971); *Commonwealth v. Cushnie*, 433 Pa. 131, 249 A.2d 290 (1969); *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968).

In the instant appeal, we believe the recorded inquiry is inadequate when measured against pre-*Ingram* standards in effect at the time of the plea. The fact that appellant was informed of only the name of the crimes charged and, in one instance only the initials, cannot be construed as sufficient to apprise appellant of the nature and elements of the charged crimes thereby permitting a knowing and intelligent plea of guilty.

Reversed and remanded for new trial.

———

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the Opinion of the majority in this case for the reason that although it has some similarities to *Commonwealth v. Schork*, 230 Pa. Superior Ct. 411, 326 A.2d 878 (1974), I believe it is different and distinguishable from our holding in that case.

The appellant in the instant case pleaded guilty to aggravated robbery and carrying a concealed deadly weapon. He now claims that he was not adequately informed of the charges against him and that consequently his plea was not voluntarily and understandingly made. In the recorded colloquy he was asked the following question: "Q. Do you understand the charges which you appear at the bar of the Court, to wit: Aggravated Robbery and C.C.D.W., that you have an absolute right to have this matter heard by a jury? A. Yes."

It appears to me that appellant by this question and answer indicated to the hearing judge that he did understand the charges against him. He had skilled counsel and there is no reason to assume that when he says that he did understand the charges against him that he nevertheless did not. In *Commonwealth v. Schork,* the defendant was not asked whether or not he understood the charges against him. In that case, he was asked if he understood that he was charged with four counts of burglary, he was asked if he knew that they occurred in 1972, he was asked if he understood what the maximum sentence of the charge of burglary was, and he was asked if he had reviewed the charges against him and if he felt that he was guilty of the three burglaries. To all of these inquiries, he replied in the affirmative. He was charged additionally with larceny and receiving stolen goods, which charges were not explained to him in any way.

In the case at bar, the appellant was asked if he understood all of the charges against him, albeit the weapons charge was named by its initials, C.C.D.W.; however, the fact that the one charge was identified by its initials would be the greater reason for appellant to indicate that he didn't understand that charge if in fact he did not.

For these reasons, while the colloquy was not an example for future guidance, it appears to me to be adequate under pre-*Ingram* standards and I would affirm the judgment of sentence.