351 A.2d 278
COMMONWEALTH of Pennsylvania
v.
Daniel Nathaniel MACK, Jr., Appellant.

Supreme Court of Pennsylvania.
Submitted June 23, 1975.
Decided Jan. 29, 1976.

Theodore S. Danforth, Public Defender, Lancaster, for appellant.

D. Richard Eckman, Dist. Atty., Michael H. Ranck, Asst. Dist. Atty., Lancaster, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Daniel Nathaniel Mack, Jr., entered a plea of guilty to a charge of robbery with accomplice by violence and received a sentence of five to ten years in prison. On appeal to the Superior Court, he challenged the validity of his guilty plea, alleging that the guilty plea colloquy was insufficient to demonstrate that it was intelligently, knowingly and voluntarily tendered. He petitioned this Court for leave to appeal from the Superior Court's affirmance [1] of his judgment of sentence. We granted that petition, and now reverse the order of the Superior Court.[2]

As we stated in *Commonwealth v. Rodgers*, 465 Pa. 379, 350 A.2d 815 (1976):

"The constitutional requirement for a valid guilty plea is that the record of the guilty plea hearing contain an affirmative showing that the defendant understands 'what the plea connotes and . . . its consequences.' In particular cases, this understanding has been held to include: (1) an understanding what specific acts the defendant is admitting and whether they make out the crime charged; (2) an understanding of the rights given up by choosing not to put the state to its proof; and (3) an understanding of the nature and extent of punishment which may be imposed for the crime which the defendant admits committing.

1. *Commonwealth v. Mack*, 230 Pa.Super. 596, 326 A.2d 881 (1974).

2. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. 211.204(a) (Supp.1975).

Obviously, this is not an all inclusive list, because the indicia of a voluntary, knowing and intelligent plea will vary with the circumstances of the individual case." (Footnotes omitted.)

The guilty plea colloquy in this case is inadequate in many respects. For example, appellant was questioned concerning the waiver of all of the rights associated with a jury trial, as follows:

"THE COURT: Now, you know that by entering a guilty plea you give up the right to a Jury trial?

"THE DEFENDANT: Yes, sir.

"THE COURT: You know that, do you?

"THE DEFENDANT: Yes, sir."

This is the complete colloquy concerning the defendant's waiver of rights afforded and protected by a jury trial. The trial court also explained to the defendant the range of sentences which could be imposed, and asked him whether he was acting of his own free will and whether he had discussed his plea with his lawyer. Affirmative responses to each of these questions apparently satisfied the trial court that the plea was knowing, intelligent and voluntary.

This guilty plea colloquy fails to satisfy not only the most recent decisions of this Court, but fails to satisfy every statement of what the colloquy must show from *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968), to the recent statement in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974).

Order reversed, case remanded for a new trial.

POMEROY, J., filed a concurring opinion, in which MANDERINO, J., joins.

POMEROY, Justice (concurring).

I agree that the guilty plea colloquy which preceded the trial court's acceptance of appellant's plea of guilty was inadequate under the standards prevailing at the

time the plea was entered. I am also of opinion that the Court properly reached the merits of appellant's challenge to his guilty plea, despite the fact that no petition to withdraw the plea was filed in the trial court. See my concurring opinion in *Commonwealth v. Rodgers*, 465 Pa. 379, 386, 350 A.2d 815 (1974). Accordingly, I concur in the reversal of the order of the Superior Court affirming the judgment of sentence and in the remanding of the case for a new trial.

MANDERINO, J., joins in this concurring opinion.