371 A.2d 1318

**COMMONWEALTH of Pennsylvania**

v.

**Leonard LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided March 31, 1977.

48

49

Arthur K. Dils, Harrisburg, for appellant.

Edgar B. Bayley, Camp Hill, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

The only issue raised on appeal is whether appellant's trial was held in violation of Pa.R.Crim.P. 1100 which requires that a person charged with a crime be brought to trial within 180 days of the filing of a criminal complaint. The complaint charging the appellant with burglary was filed on March 10, 1975.[1] A preliminary hearing was scheduled for March 19, 1975, but because a lie detector test was requested by appellant, the preliminary hearing was postponed indefinitely and not held until June 18, 1975. The lie detector test was administered on April 15, 1975, and the results were available April 23, 1975. Trial commenced on September 29, 1975, approximately 203 days after the filing of the complaint. Prior thereto on August 1, 1975, or 37 days before the 180 day period was to expire on September 6, 1975, the

---

1. The complaint in this case having been filed after June 30, 1974, the Commonwealth was required to commence trial within 180 days pursuant to Pa.R.Crim.P. 1100(a)(2).

Commonwealth filed an application to extend the time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c). This petition averred that the Commonwealth was unable to proceed to trial within the 180 day period despite its due diligence because of the delay resulting from appellant Lewis' request for a polygraph examination. The appellant disputed the facts in the Commonwealth's petition and argued that the delay caused by the administration of the polygraph test was attributable to the Commonwealth in that the lie detector test was primarily prompted by a Commonwealth request. A hearing was held on this matter before the Honorable Dale F. SHUGHART, President Judge, and by order of court dated September 29, 1975, the court below accepted as true the Commonwealth's explanation for the delay and granted the petition for an extension. The appellant was thereafter convicted and sentenced to a term of 10 to 23 months. This appeal followed.

 As noted above, the complaint charging the appellant with burglary was filed on March 10, 1975 and the appellant was not brought to trial until September 29, 1975, or 203 days later. Consequently, in order that a violation of Rule 1100 be avoided it is necessary that 23 days of delay either be excluded or remedied by a timely application for an extension. *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976). Our review of the record supports the lower court's conclusion that the preliminary hearing was postponed indefinitely on motion of defense counsel to allow the appellant an opportunity to submit to a polygraph examination in hopes that results favorable to the appellant would persuade the prosecuting police officer to drop the charges. This effectively waived the 10 day rule of Pa.R. Crim.P. 140 which requires that a preliminary hearing be held within 10 days after the preliminary arraignment. Appellant admits that his trial counsel testified that the polygraph idea probably was initiated by him and appellant further admits that his trial counsel testified that he did inform the appellant of the operation of the 180 day rule.

Appellant's Brief at 4.[2] The lower court believed trial counsel's explanation for the delay and we can find no abuse of discretion.[3] The delay from March 19, 1975, when counsel for appellant moved for a continuance until the test results were available on April 23, 1975, precluded the possibility of submitting the case to the grand jury for the May Term which concluded its work on April 24th and necessitated a delay to the next term of court.

The issue thus becomes whether the Commonwealth in agreeing to the request of the appellant for the administration of the polygraph test and failing to bring the appellant to trial prior to the next Cumberland County trial term, exercised due diligence entitling it to the extension. The prosecuting authorities made every possible effort to accommodate appellant's strategy of attempting to obtain a dismissal of the charges if the polygraph test results were favorable. Such a course of conduct can only be characterized as a fair and just approach to the administration of criminal justice in our Commonwealth. We refuse to hold that, under the facts of this case, the prosecuting authorities should have resisted the appellant's request for the test or should have pushed appellant's case through a preliminary hearing on April 23, 1975, or April 24, 1975, in order to meet the deadline of the then sitting grand jury. Due diligence does not require the Commonwealth to resist a reasonable request for delay or to force a defendant to go to a hearing on one day's notice. In fact such action would violate the district attorney's obligation "to seek justice, not merely to

2. *See also* Notes of Testimony, Hearing, pp. 26–27.

3. We agree with the Commonwealth that a fair reading of the transcript of the entire hearing indicates that the prosecuting officer, although he did testify at one point that the polygraph test was performed at his "request" (N.T.–H. p. 13), was not the prime force in obtaining the appellant's permission to submit to such an examination. After talking to the appellant on this topic, the prosecuting officer denied pursuing the matter after being told by the appellant that he wished to discuss it with his attorney, and only made the arrangements with the Department of Justice in Harrisburg after appellant's counsel had contacted him and urged him to do so. (N.T.–H. p. 13).

convict." *See* ABA Code of Professional Responsibility EC7–13.

█ Nor does the delay occasioned by the fact that the next grand jury did not meet until August, 1975, preclude a finding of due diligence on the part of the prosecutorial officers. The district attorney could not have required that intervening court sessions be held in order to accommodate the appellant's case. He did all that he could do when he petitioned for an extension of the Rule 1100 period 37 days before it was to expire. We are thus faced with a situation where despite due diligence by the district attorney trial could not have been held within the statutory period because of judicial delay in the trial scheduling in Cumberland County. The dissents, citing *Commonwealth v. Coleman*, 241 Pa.Super. 450, 361 A.2d 870 (1976), would have us rule that the appellant's Rule 1100 rights were violated because the lower court did not hold extra or continuous court sessions. Their reliance on *Coleman* is unjustified for several reasons.

Initially, we note that *Coleman* is factually distinguishable from the case at bar in that at no time in that case was a timely petition for an extension of time presented to the lower court. The lower court in *Coleman* simply granted a continuance for an indefinite period of time on motion of defense counsel thereby allowing the Rule 1100 period to expire by the second session of court. In the present case, however, a petition for an extension of time in which to commence trial was filed by the Commonwealth 37 days prior to the expiration of the Rule 1100 period.

█ Secondly and more importantly the Supreme Court said in *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), that under proper circumstances judicial delay will justify an extension where requested. In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the same court approved the grant of an extension where the court administrator could not schedule the trial until 10 days after the time limit of Rule 1100 because of a backlog of cases. In

*Mayfield*, the Supreme Court held that a trial court may henceforth grant a reasonable, limited extension of time in which to commence trial pursuant to Rule 1100(c) upon a timely petition by the Commonwealth and a record showing of the due diligence of the prosecution and certification that the *trial is scheduled for the earliest date consistent with the court's business*, provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must show the causes of the court delay and the reasons why the delay cannot be avoided.[4] Under *Mayfield's* rationale therefore, the inability of the court to schedule the trial in time can serve as a basis for granting an extension for a reasonable period of time.

As noted above, the reason that the lower court could not try the appellant within the prescribed period was because of the delay prompted by his request for a polygraph test, and not from any lack of diligence on the part of the Commonwealth. And as the record illustrates, this test was scheduled for the earliest possible date and by the time the results were available it was impossible to submit the appellant's case to the then sitting grand jury. The delay in this case prompted by the granting of the extension resulted in appellant's trial being held in the next term of court within 23 days after the expiration of the 180 day period.[5] Clearly, when viewed by *Mayfield's* standards, the length of the delay in this case was entirely reasonable. Thus, where "judicial delay" prevents trial within the prescribed period

4. While it is possible that *Mayfield* might require the lower court to show more justification for the delay than that shown in this case, we need not decide this point. *Mayfield* is to be applied prospectively and the extension in this case was granted prior to that decision. Nevertheless, when judged by the facts of the *Mayfield* case, particularly the length of the extensions granted, it is clear that the extension in this case was justified.

5. The August grand jury in Cumberland County convened on August 25, 1975. The next criminal trial session commenced on September 15, 1975, or 9 days after the 180 day period expired. The appellant's trial was held September 29, 1975. While it might have been more prudent for the lower court to schedule the appellant's trial earlier in the session, *Shelton* and *Mayfield* do not warrant a reversal for its failure to do so.

despite due diligence by the Commonwealth, *Shelton* and *Mayfield* only require a showing of the reasons why the case could not, *consistent with the court's business*, be tried within the appropriate period. Nothing in *Mayfield* or *Shelton* can, upon a fair reading of those cases, reasonably be construed as automatically requiring extra or continuous sessions of court in a case such as this where the failure to submit the case to a grand jury originated from a request for a continuance by defense counsel. The prosecuting authorities acted diligently while making every possible effort to accommodate appellant's strategy. This is all that Rule 1100 requires of them.

In many of the smaller counties in our Commonwealth, such as Cumberland County, criminal sessions held four times a year are more than adequate to keep the court's business current. Additional court sessions should not be required unless there is a clear showing that the business of the court requires such a procedure. Limited extensions, properly granted where the delay is occasioned by defense activities, more than adequately protect the purpose behind Rule 1100. We therefore hold that under the facts of this case, the Rule 1100 rights of the appellant were not violated.

Judgment of sentence affirmed.

PRICE, J., files a dissenting opinion, in which CERCONE, J., joins.

SPAETH, J., files a dissenting opinion.

PRICE, Judge, dissenting:

I dissent. On March 10, 1975, a criminal complaint was filed against the appellant, charging him with burglary.[1] On September 30, 1975,[2] the appellant was convicted of this charge by a jury. The appellant now claims that his right to a speedy trial was denied in that he was not brought to trial within 180 days from the date the criminal complaint was

---

1. 18 Pa.C.S. § 3502.

2. Trial commenced on September 29, 1975.

filed against him, as required by Pa.R.Crim.P. 1100(a)(2).[3] After reviewing the record, I agree with this contention, and would therefore reverse the judgment of sentence and discharge the appellant.

The record shows that the appellant obtained a continuance of his preliminary hearing, scheduled for March 19, 1975, because he desired to submit to a polygraph examination. The polygraph examination was administered on April 15, 1975, and the results of the examination became available on April 23, 1975. A preliminary hearing was eventually held on June 18, 1975.

On August 1, 1975, the Commonwealth applied to the court below for an extension of time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c).[4] The Commonwealth predicated its petition for an extension of time upon a claim that trial could not be commenced by September 8, 1975, the 180th day,[5] because of the delay caused by the appellant's request for a polygraph examination. On September 29, 1975, the court below granted the Commonwealth's petition, concluding that the appellant's request for a continuance was the sole cause of his trial being delayed until twenty three days after the expiration of the prescribed period. The majority affirms the order of the lower court, agreeing

**3.** Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

**4.** Pa.R.Crim.P. 1100(c) provides in pertinent part:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

**5.** Time computations are calculated in compliance with 1 Pa.C.S. § 1908, which prescribes the exclusion of the first day, and inclusion of the last day, of the applicable period. Under 1 Pa.C.S. § 1908, if the last day of the period shall fall on a Saturday, Sunday, or legal holiday, then such day(s) shall be omitted from the computation. Here, the 180th day falls numerically on September 6, 1975. However, the 180th day for the purposes of Rule 1100 becomes September 8, 1975, because September 6, 1975, happens to be a Saturday.

that the Commonwealth exercised due diligence in seeking to bring the appellant to trial and that the appellant was solely responsible for the delay present in this case. I do not believe that such a holding can be substantiated in either law or fact.

In affirming the lower court, the majority charges the appellant with the entire period of delay from March 19, 1975, when the appellant's preliminary hearing was initially scheduled, to September 29, 1975, when the appellant's trial commenced. Such a finding clearly ignores previous holdings of this court defining the scope of protection guaranteed an accused under Rule 1100.

I fail to understand how the Commonwealth can be credited with exercising due diligence in bringing the appellant to trial in view of the delay which occurred during the fifty-six day period from April 23, 1975, when the polygraph results arrived, to June 18, 1975, when the appellant's preliminary hearing was conducted. The Commonwealth fails to explain why the preliminary hearing was not held at an earlier date. Certainly, the appellant had no duty to arrange a preliminary hearing. We recently addressed this issue in *Commonwealth v. Adams,* 237 Pa.Super. 452, 352 A.2d 97 (1975), stating that:

"In refusing appellant's petition to dismiss the charges, the lower court stated that the appellant's counsel had the duty to arrange for a preliminary hearing. This position is untenable. Rule 1100 mandates that it is the Commonwealth's obligation to commence a trial no later than the prescribed time from the filing of a written complaint, unless excused upon a showing of due diligence. Rule 1100 is thereby consistent with prior case law which holds that it is the duty of the State to bring a defendant to trial. *E. g., Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Commonwealth v. Cardonick,* 448 Pa. 322, 292 A.2d 402 (1972). These cases recognize that the strategy of defense often calls for delay and that the right to a speedy trial is not to be honored only for the vigilant and the knowledgeable. *See Barker v. Wingo,*

*supra; Hodges v. United States,* 408 F.2d 543 (8th Cir. 1969)." *Id.* 237 Pa.Super. at 456, 352 A.2d at 99.

The majority excuses the inaction of Commonwealth on the same grounds as the lower court, which explained that:

"The results of the polygraph examination were not available until it was too late to submit the case to the grand jury at the May Term (the grand jury convened April 21, 1975, and was discharged April 24, 1975). The case, however, was tried at the earliest possible date thereafter at the September Term."

We recently confronted a situation greatly similar to the case at bar in *Commonwealth v. Coleman,* 241 Pa.Super. 450, 361 A.2d 870 (1976). In *Coleman,* defense counsel requested and was granted a continuance on the day on which trial was scheduled. The appellant could not be tried until thirty days after the expiration of the prescribed period because of the practice of the Court Administrator of Montgomery County to schedule continued cases for the second session subsequent to the grant of the continuance. The lower court denied the appellant's petition to dismiss the charges, holding that the prescribed period had expired solely because of the continuance requested by the appellant. We reversed the lower court, declaring that:

"It was the duty of the Court Administrator of Montgomery County, under the supervision of the Board of Judges, to schedule appellant's trial within the period prescribed by Rule 1100. If the trial could not be scheduled within the period because of the manner in which Montgomery County provides sessions for criminal trials, it was incumbent upon Montgomery County to change its procedure. To hold otherwise would emasculate the Rule." *Commonwealth v. Coleman, supra,* 241 Pa.Super. at 454, 361 A.2d at 872.

I believe that the principles enunciated in *Coleman* are equally applicable to the case at bar. I would therefore reverse the judgment of sentence and discharge the appellant.

CERCONE, J., joins in this dissenting opinion.

SPAETH, Judge, dissenting:

I disagree with the majority's assumption that *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), is to be applied prospectively only. I would remand for further proceedings below.

It is in general incorrect and misleading to apply the terms "retrospective" and "prospective" to a court's interpretation of a statute.

> Unless vested rights are affected, a court's interpretation of a statute is considered to have been the law from its enactment date, despite contrary intervening holdings. *Buradus v. General Cement Prods. Co.,* 159 Pa.Super. 501, 48 A.2d 883 (1946), aff'd 356 Pa. 349, 52 A.2d 205 (1947). In such circumstances, the latest interpretation is applicable to a case whose appeal has not yet been decided. *Kuchinic v. McCrory,* 422 Pa. 620, 625, 222 A.2d 897, 900 (1966) (footnote omitted).

It does not matter that the present case involves a rule and not a statute, for it is clearly implied in Pa.Const. art. 5, § 10(c), that rules promulgated by the Supreme Court are of equal rank with statutes.[1]

1. It might be argued that my application of this principle of construction to a Supreme Court case construing a Rule of Criminal Procedure is contradicted by *Commonwealth v. Lockhart,* 227 Pa.Super. 503, 322 A.2d 707 (1974), and *Commonwealth v. Schork,* 230 Pa.Super. 411, 326 A.2d 878 (1974). In *Lockhart* we held that we would apply prospectively only the rule of *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973) (additional, on-the-record questions required in colloquy under Pa.R.Crim.P. 1101); in *Schork* we reached the same conclusion as to the application of the rule of *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974) (requirements for valid colloquies under Pa.R.Crim.P. 319(a)). There are, however, important differences between the situations in those cases and that of the present case.

 First, the requirements of *Williams* and *Ingram* were additional protections grafted onto protections already provided by the Rules of Criminal Procedure. For that reason defendants who were not afforded the additional protections, due to our giving prospective effect only to the new requirements, were not left without recourse. Either on appeal, *Commonwealth v. Schork, supra,* 230 Pa.Super. at 415–17, 326 A.2d at 879–881 or in PCHA proceedings, *Commonwealth v. Williams,* 232 Pa.Super. 339, 342, 331 A.2d 875, 878 (1974), a defendant could show that his waiver of jury trial, in a *Williams* case, or his

It is true that certain language in *Mayfield* has a prospective ring:

> *Henceforth*, the trial court may grant an extension under Rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (emphasis added). Unlike the majority, however, I read this as a directive to the trial bench only, and believe that on review of cases pending when *Mayfield* was decided, we are obliged to search the record to determine whether the requirements of *Mayfield* were satisfied, *viz.*, that "the record must . . . show the causes of the court delay and the reasons why the delay cannot be avoided."

In a case like the present it is almost inevitable that the record will not show the causes of the court delay and the

guilty plea, in an *Ingram* case, was not knowing and intelligent. In contrast, an appellant whose trial record does not show the things required by *Mayfield* has no alternative way to demonstrate to us that he was denied his Rule 1100 right to speedy trial, for the proof is in the control of the lower court. Nor will such an appellant have further opportunity to argue the point for after appeal his Rule 1100 claim will have been "finally litigated," 19 P.S. § 1180–4(a), and therefore not cognizable in post-conviction proceedings, 19 P.S. § 1180–3(d).

Second, an important factor—perhaps *the* important factor—in our decisions in *Lockhart* and *Schork* was the "havoc in the administration of justice" that would result from retrospective application of the *Williams* and *Ingram* rules. *See Lockhart, supra,* 227 Pa.Super. at 507–08, 322 A.2d at 709; *Schork, supra,* 230 Pa.Super. at 414–15, 326 A.2d at 879–880. No such havoc would be threatened by application of the *Mayfield* requirements to cases still pending on appeal, for the procedural remedy (as I suggest below) would be to remand for compliance with *Mayfield*. Following remand, we would be able to determine whether the judicial delay did or did not justify an extension. If it did, we would affirm the Rule 1100 ruling; if it did not, we would order appellant discharged. Thus there is no danger that "countless cases would have to be retried." *Cf. Lockhart, supra,* 227 Pa.Super. at 507, 322 A.2d at 709.

reasons why the delay could not be avoided, since before the Supreme Court's decision in *Mayfield* a lower court could not have known the *Mayfield* requirements. Given such an insufficient record, it would be unfair to the Commonwealth automatically to discharge an appellant. However, it does not follow, as the majority seems to assume, that automatic affirmance of a grant of extension is the only or fair alternative, for that would deny an appellant the speedy-trial guarantee of Rule 1100 as it has now been explicated in *Mayfield.*

The proper remedy, in my opinion, is to remand to the lower court so that it may satisfy the requirements of *Mayfield.* In the present case it might be said that the requirement of "certification that trial [was] scheduled for the earliest possible date consistent with the court's business" was satisfied by evidence of the terms of the grand juries in Cumberland County and the scheduling of court sessions. It might also be said that this evidence satisfied the requirement to "show the causes of the court delay." However, there is nothing in the record that satisfies the requirement to show "the reasons why the delay [could] not be avoided."

Given that Rule 1100 is in part intended to encourage—in fact, to impel—courts to effect such changes in their procedures as will help ensure speedy trials, *see Mayfield, supra* 469 Pa. at 220, 364 A.2d at 1348, I think we must require more of a lower court than what we have here—the mere statement that it sits only four times a year. It must tell us why it does this, and why, if this schedule causes a delay such as the one in the present case, the court's procedures cannot be changed so that such delays are avoided. The majority may be right that "[i]n many of the smaller counties . . . criminal sessions held four times a year are more than adequate to keep the court's business current." Majority Opinion 247 Pa.Super. at 54, 371 A.2d at 1322. Under *Mayfield,* however, it is not for us to make such a finding, or assumption, of fact; rather, it is the lower court's responsibility to show on the record that its business

does not require a change in its procedures.[2] Here, because no remand has been ordered, the lower court has been relieved of that responsibility, with the result that appellant may have been denied his right to a speedy trial.

Accordingly, I dissent.

2. The majority seems to conclude that the burden is on an appellant to persuade us that a lower court must change its procedures: "Additional court sessions should not be required unless there is a clear showing that the business of the court requires such a procedure." Majority Opinion 247 Pa.Super. at 54, 371 A.2d at 1322. This conclusion is contrary to *Mayfield* and to the intent of Rule 1100.