429 A.2d 731

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Warren PARROTT, Jr.**

Superior Court of Pennsylvania.

Submitted April 15, 1980.

Filed May 15, 1981.

Petition for Allowance of Appeal Denied Sept. 15, 1981.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Stanton D. Levenson, Pittsburgh, submitted a brief on behalf of appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellee went to trial non-jury before Judge HARPER on charges of three violations of the Controlled Substances, Dangerous Drugs and Cosmetics Act, (CSDDCA) 35 Pa.C.S. § 780–101 *et seq.*, specifically possession of cocaine, possession with intent to deliver, and delivery.[1]

The Commonwealth's evidence was sufficient to support the convictions, unless the Commonwealth had a burden of proving a negative, that is proving that the appellee was not licensed by the State Health Department to have possession of or to dispense narcotic drugs.

When the Commonwealth rested its case there was no evidence on the record, affirmative or negative, as to whether appellee was "authorized".

Defendant appellee demurred at the close of the Commonwealth's case on the ground that the Commonwealth had not carried its burden of establishing that defendant was not licensed.

Relying upon the decision of our Court in *Commonwealth v. Sojourner*, 268 Pa.Super. 472, 408 A.2d 1100 (1978) (referred to sometimes hereinafter as Sojourner I), Judge Harper sustained the demurrer. The Commonwealth filed this appeal.

*Sojourner I* also involved convictions for violations of CSDDCA. The majority opinion in *Sojourner I* discussed *Commonwealth v. Stawinsky*, 234 Pa.Super. 308, 309 A.2d 91 (1975), which held that non-registration is not an element of

1. A fourth charge of Conspiracy was dismissed on motion after charges against the alleged co-conspirator were dismissed.

the crime defined by § 13(a)(30) of CSDDCA, and therefore need not be proven by the Commonwealth. The Court then discussed *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975), in which our Supreme Court said as to a violation of the Uniform Firearms Act, 18 Pa.C.S. § 6106(a) that the "structure of the statute and the nature of the prohibition convince us that the absence of a license is an essential element of the crime", to be proven by the Commonwealth. The majority opinion in *Sojourner I* then concluded "that *Stawinsky* can no longer be regarded as good law" (408 A.2d at page 1103); and "the trial judge (in *Sojourner*) was correct in instructing the jury that the Commonwealth had the burden of proving that appellant was not licensed to possess a controlled substance." (*Id.* at page 1104).

Judge HARPER granted appellee's demurrer on October 12, 1978, and the Commonwealth filed its appeal on October 13, 1978. On August 21, 1978, our Court had granted the Commonwealth's petition for reargument of *Sojourner*. On June 21, 1979, our Court filed a second Opinion and order in *Sojourner*, 408 A.2d 1109, (referred to hereinafter as Sojourner II), modifying and affirming *Sojourner I*.

■ In *Sojourner II*, Opinion by President Judge CERCONE, our Court affirmed that the offense the legislature sought to punish in CSDDCA was the *unauthorized* possession of a controlled substance, not merely possession of a controlled substance. Therefore the "non-authorization" is an essential element of the case, "which the Commonwealth has the burden of proving beyond a reasonable doubt"; but, nevertheless, the Commonwealth is put to that burden of proof only if there is introduced into the case "some credible evidence of authorization". 408 A.2d at 1114.

"[T]he trend is developing, and we find it to be the preferable view, that the accused come forward with some credible evidence of authorization (assuming the government's case-in-chief has not provided such evidence) before the government need negative authorization beyond a reasonable doubt . . . ."

Thus, *Sojourner II* if applicable to our present case, demonstrates that the Commonwealth had presented sufficient evidence to sustain a conviction, and the grant of the demurrer was in error.

Appellee argues in his brief that *Sojourner I*, filed July 12, 1978, established what was the applicable law on October 12, 1978, when appellee came to trial; and that *Sojourner II*, filed June 22, 1979, appellee says, "was not the law at the time of the Defendant's trial", and "is clearly inapplicable".

■ We disagree. In *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A.2d 923 (1969), our Supreme Court adopted the standards to be followed in determining whether to retroactively apply a decision in a criminal case. The court relying upon *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); and *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) required a number of factors to be considered. The court must review the purpose of the standard, the reliance placed upon prior decisions, and the effect upon the administration of justice. Pennsylvania courts applying these factors have refused in several cases to extend the application of decisions retroactively. *Commonwealth v. Godfrey, supra; Commonwealth v. Oliver*, 251 Pa.Super. 17, 379 A.2d 309 (1977); *Commonwealth v. Lockhart*, 227 Pa.Super. 503, 322 A.2d 707 (1974); and *Commonwealth v. Schork*, 230 Pa.Super. 411, 326 A.2d 878 (1974). In each of these cases, the court expressed concern over the havoc such retroactive application would have upon the criminal justice system. Countless numbers of convictions would have required new proceedings because of decisions handed down after such convictions.

■ The present case requires a different result. Here, the Commonwealth is appealing from the grant of a demurrer. Applying *Sojourner II* retroactively will not result in retrying untold defendants.[2] *Sojourner II* found that *Sojourner I* incorrectly placed an impossible burden of produc-

2. Demurrers which were granted but not appealed have not been preserved for review.

tion upon the Commonwealth. In effect, it made the CSDDCA unenforceable; *Sojourner I* was contrary to the whole purpose of the act. Under the *Godfrey* criteria the present situation is appropriate for a retroactive application of *Sojourner II.*

The granting of the demurrer was improper under *Sojourner II.*

■ A final point we wish to note is that our decision here allows appellee to demonstrate that he was authorized to possess the drugs. The Commonwealth would then have the burden of negating such showing.

The Order of the lower court is vacated and the case is remanded for appropriate proceedings consistent with this Opinion.