535 A.2d 181

**COMMONWEALTH of Pennsylvania**

v.

**Robert K. GOETZ, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1987.

Filed Dec. 21, 1987.

Michelle Kahan, York, for appellant.

Glenn Davis, Drexter Hill, for Com.

Before WIEAND, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

This appeal is from judgment of sentence imposed following appellant's conviction at a bench trial of violations of section 1301 of the Vehicle Code (75 Pa.C.S.A. § 1301, *et seq.*). The sentences imposed were: cost of prosecution and a fine of $75 at # 333362 and cost of prosecution and a fine of $1,770 at # 333361.

Appellant, a resident of Maryland with a valid Maryland vehicle operator license, owns and operates a business known as Goetz Demolition Company in Pennsylvania, which involves the use of tractor trucks and trailers in excavation work throughout Pennsylvania and Maryland. The operators of appellant's excavation vehicles work on jobs in either state and store the vehicles at a garage and maintenance facility in Pennsylvania, or at various job sites in Pennsylvania or Maryland. In October of 1985, appellant was performing excavation work with his tractors and trailers on two jobs in the Harrisburg area hauling excavated materials to a location in the Hagerstown, Maryland area.

On October 22, 1986, a tractor and the trailer it pulled, owned by the defendant and driven by his employee, became disabled and the operator moved them to the side of the interstate highway and left the area. The Pennsylvania State Police tagged the vehicles as they were not completely off an exit ramp, and on October 25, 1985, after receiving complaints that they were obstructing the flow of traffic, the state police had the 18–wheel tractor trailer towed off the road to a storage facility in Cumberland County. Both

the tractor and trailer bore a current registration issued to the appellant by the state of Maryland. Neither unit was registered in Pennsylvania. For purposes of registration, the tractor and trailer are considered separate vehicles and each would be cited.

Following an investigation, the Pennsylvania State Police issued two citations against the defendant whose address, and that of the tractor trailer, was listed as Hagerstown, Maryland. The citations charged Mr. Goetz with being an owner and knowingly permitting the operation of the tractor and trailer in Pennsylvania without being properly registered in this Commonwealth in violation of the Vehicle Code at 75 Pa.C.S.A. § 1301.

Following appellant's appeal from a conviction on both citations before a district justice, a de novo trial was held in the trial court on October 24, 1986 where appellant was again found guilty on both citations. This appeal followed.

The Vehicle Code, 75 Pa.C.S. § 1301, sets forth the registration requirements for vehicles in this Commonwealth. That section, in pertinent part, specifically provides:

**Registration and certificate of title required**

(a) **Driving unregistered vehicle prohibited.**—No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration.

(b) **Proof of residency.**—A person charged under this section has the burden of proving that he is a nonresident whenever he asserts a defense based on section 1303 (relating to vehicles of nonresidents exempt from registration). If he produces at the office of the issuing authority satisfactory proof that he is a nonresident and is in compliance with section 1303 within five days after being charged with a violation of this section, the issuing authority shall dismiss the charge.

Additional requirements concerning vehicle registration are contained in 75 Pa.C.S.A. § 1303.

**Vehicles of nonresidents exempt from registration**

(a) **General rule.**—A nonresident owner of any foreign vehicle may operate or permit the operation of the vehicle within this Commonwealth without registering the vehicle in this Commonwealth or paying any fees to the Commonwealth, provided the vehicle at all times when operated in this Commonwealth is duly registered and in full compliance with the registration requirements of the place of residence of the owner and further provided the vehicle is not:

. . . . .

(2) regularly operated in carrying on business within this Commonwealth;

. . . . .

(c) **Carrying on business in this Commonwealth.** —Every non-resident, including any foreign corporation, carrying on business within this Commonwealth and operating in the business any vehicle within this Commonwealth unless exempted from registration under the terms of a reciprocity agreement, shall be required to register each such vehicle according to the laws of this Commonwealth.

The trial court found that appellant was a non-resident and, therefore, resident exemptions, pursuant to section 1302(6), were not applicable to him. Further, the court held non-resident exemptions were not applicable to appellant because his business was principally operated in Pennsylvania and subject to section 1303(c). Section 1302(6) allows Pennsylvania residents to avoid multiple state registration of their vehicles when another state *requires* that the vehicles be registered in that state *because those vehicles are based and used principally in that state.* The court, therefore, found that appellant cannot avoid the registration requirements of this Commonwealth merely because he dwells in Hagerstown and the units are used to conduct his business in Maryland as well as Pennsylvania.

The court noted the use of the term "resident" in the exemption provision at section 1302(6) refers to a resident of the Commonwealth of Pennsylvania, not an out-of-state

resident. As referred to in section 1301, non-resident exemptions are covered under section 1303. From the standpoint of section 1302(6), the subject tractor and trailer were not *required* to be registered in Maryland because the equipment was based and used principally out of the facility in Orrtanna, Adams County, Pennsylvania. It was not based or used principally out of the apartment in Hagerstown, where the appellant keeps some records regarding his business operations.

Neither was there evidence of an exemption, pursuant to section 1303(c), under any reciprocity agreement presented as to the regular operation of the subject units in this Commonwealth, and the court found appellant is not exempt from the registration requirement in section 1301(a).

Appellant argues that while the evidence presented *did* show he was carrying on business in the Commonwealth of Pennsylvania with *other* vehicle units, there was no evidence presented that proved the subject vehicles cited were operated in relation to his ongoing business in Pennsylvania. Rather, he maintains the majority of business for which the vehicles in question are used is performed outside of this Commonwealth and the vehicles are, therefore, registered in full compliance with the laws of Maryland.

The standard for reviewing the sufficiency of evidence has been stated as follows:

> Where a defendant challenges his conviction on appeal the test of the sufficiency of the evidence is whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Jackson*, 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984).

In accordance with the above standards, we find the trial court could have found the vehicles in question were regularly operated in the Commonwealth in furtherance of

the appellant's business in this Commonwealth and there was no evidence of an exemption under any reciprocity agreement. The appellant admitted the vehicles were owned by him and that his business was based in Pennsylvania. Further, evidence was presented which showed no facilities capable of storing or maintaining such vehicles existed at appellant's address in Maryland and we find this sufficient to prove beyond a reasonable doubt a violation of section 1301.

■ Appellant next argues he is entitled as a non-resident to an exemption under section 1303 of the Vehicle Code. This argument must fail. The trial court found as a fact that appellant was a resident of Maryland and, therefore, a non-resident of Pennsylvania, and his business was being carried on within Pennsylvania and that the vehicles were, therefore, subject to this Commonwealth's registration laws. Appellant had the burden of proving "credible evidence" with respect to statutory exemptions under section 1303: (1) that as owner, he was a non-resident and (2) that the vehicle was being operated in compliance with section 1303. Appellant failed to present the evidence necessary to avail himself of an exemption and the Commonwealth need not negate an exemption beyond a reasonable doubt. *See Commonwealth v. Parrott,* 287 Pa.Super. 83, 429 A.2d 731 (1981). The trial court was correct in holding appellant was not entitled to the non-resident exemption under section 1303.

■ Appellant also contends the trial court was incorrect in finding section 1301 of the Vehicle Code is constitutional. He argues the burden of asserting "proof of residency" in a criminal statute places an undue burden on the defendant and is, accordingly, unconstitutionally impermissible. We disagree and hold the provisions are well within constitutional limits. As stated previously in *Parrott, supra,* the defendant in the case of a statutory exemption has the burden of producing "credible evidence" of a reciprocity agreement before the government need negate an assump-

tion beyond a reasonable doubt. Appellant failed to present any evidence whatsoever.

■ Appellant argues the trial court's interpretation of section 1301 is in violation of the commerce clause. This contention is without merit. The federal government has not passed legislation covering nationwide registration of commercial vehicles and, therefore, Pennsylvania may provide legislation in the registration field under the International Registration Plan (75 Pa.C.S. § 6145) enacted on an individual basis in some thirty states.

■ Appellant asserts the requirement of registration both in Maryland and in Pennsylvania placed an undue burden on interstate commerce. This Court has addressed similar registration requirements under sections of the Vehicle Code that preceded the current section 1301 and upheld their constitutionality as not imposing an undue burden on interstate commerce. *See Commonwealth v. Pittsburgh & Weirton Bus Co.*, 114 Pa.Superior Ct. 290, 173 A. 887 (1934). Registration permits the various states to have some control over vehicles for the protection of their citizens and to avoid multiplicity of registration and a burden on interstate commerce; the reciprocity provisions mentioned above serve to alleviate such a claim.

■ Lastly, appellant maintains the Commonwealth is precluded from asserting at this time the vehicles in question should be registered in Pennsylvania because they are "in-state" vehicles as a result of different procedures provided for "Pennsylvania registered trucks" and "trucks registered in other jurisdictions" for the acquisition of an axle tax decal. Appellant argues the vehicles in question were accepted as "trucks registered in other jurisdiction" when it accepted payment for the axle tax decal and that this acceptance confers out-of-state status upon said vehicles.

This argument is without merit and has no bearing upon the appellant's non-compliance with the registration laws of this Commonwealth. If in fact the Commonwealth *did*

accept payment of the axle tax decal from appellant as a "truck registered in other jurisdiction" when in fact the vehicles in question are vehicles that should be registered in the Commonwealth, that fact only points to another violation of the laws of this Commonwealth by appellant and certainly will not help to buttress his argument that we should vacate his judgment of sentence. We find the trial judge has correctly interpreted the law in this case and the Commonwealth has provided evidence sufficient to establish appellant's guilt beyond a reasonable doubt.

Judgment of sentence affirmed.