## Commonwealth v. Wagner

*Thomas K. Schindler,* assistant district attorney, for the commonwealth.

*James G. Morgan Jr.,* for defendant.

SMITH, *J.,* October 13, 1989 — This is a summary appeal from a citation issued against defendant, Kenneth R. Wagner, for violating 75 Pa.C.S.

§1301(a) for driving an unregistered vehicle on a state highway. On September 25, 1987, defendant was driving a tractor-trailer owned by C.C. Fenner Inc. of Mifflintown, Pennsylvania; the trailer was registered in Pennsylvania, but the tractor was not so registered. For the reasons enumerated below, we deny defendant's appeal and affirm the conviction.

"For purposes of registration, the tractor and trailer are considered separate vehicles. . . . " *Commonwealth v. Goetz,* 369 Pa. Super. 325, 328, 535 A.2d 181, 182 (1987). As such, these vehicles could be individually cited. *Id.* In the case before us, only the trailer was properly registered in Pennsylvania. The tractor was owned by C.C. Fenner Inc. of Mifflintown, Pa. and leased to Kaplan Trucking Company, an Ohio corporation. The owner, C.C. Fenner Inc., paid for the Ohio registration in the amount of $380.50, nearly one-third of the $945 registration fee required by the Commonwealth of Pennsylvania. More importantly, the tractor-trailer was stored in Mifflintown, Pa., which is approximately 80 miles from its nearest border (Maryland) and approximately 190 miles from the Ohio border.

The Vehicle Code, 75 Pa.C.S. §1301(a), provides:

"(a) *Driving unregistered vehicle prohibited* —

"No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this commonwealth unless the vehicle is exempt from registration."

Defendant admits that the tractor was registered in Ohio, not Pennsylvania, and he also admits that the tractor was driven upon Pennsylvania highways. Nevertheless, defendant claims that the tractor is exempt from registration pursuant to 75 Pa.C.S. §1302(6) which states, in relevant part:

"Vehicles Exempt from Registration —

"The following types of vehicles are exempt from registration:

. . .

"(6) Any vehicle owned by a resident legally required to be registered in another state *based and used principally outside of this commonwealth.*" 75 Pa.C.S. §1302. (emphasis supplied)

We disagree with defendant's assertion that this tractor is exempt from registration. In a similar case, the Pennsylvania Superior Court denied a defendant an exemption under 75 Pa. C.S. §1302(6) where a tractor-trailer was stored solely in Pennsylvania, although records of operations were kept in Maryland.[*] *Commonwealth v. Goetz,* 369 Pa. Super. 325, 329-30, 525 A.2d 181, 183-4 (1987).

"Section 1302(6) allows Pennsylvania residents to avoid multiple state registration of their vehicles when another state *requires* that the vehicle be registered in that state *because those vehicles are based and used principally in that state.*" *Goetz* at 329, 535 A.2d at 183. (emphasis in original)

While the tractor is leased to a corporation with an Ohio address, it is a stretch of the imagination to believe that this tractor *is based and used principally* in Ohio which is over three hours away from Mifflintown, Pa. where the tractor is regularly *garaged.* At a minimum, the tractor would have to travel 380 miles a day on Pennsylvania roads just to reach the Ohio border and return to Mifflintown.

Defendant also contends that Pennsylvania Rec-

---

[*]In *Goetz, supra,* the defendant was a Maryland resident with a Maryland license who owned and operated a Pennsylvania business. The tractor-trailer in question was stored and maintained in Pennsylvania, but was registered in Maryland.

iprocity Provisions, 75 Pa.C.S. §§6141, 6144 and 6148 exempt him from registration in Pennsylvania. These provisions do not protect defendant from the commonwealth's registration requirements simply because his tractor is registered in Ohio. 75 Pa.C.S. §1301 requires Pennsylvania registration in the event the exemptions enumerated in 75 Pa.C.S. §1302 are inapplicable. As previously discussed, section 1302(6) does not apply to the tractor in question because the tractor is not based and used principally in another state. Rather, as the facts indicate, it is in Pennsylvania and not Ohio that the tractor is based and used principally. Further, it is not as though this were an out-of-state vehicle to which reciprocity would apply. Quite the contrary, its owner is a Pennsylvania resident, it is stored in Pennsylvania, and its driver is a Pennsylvania resident. The tractor's only connection to Ohio is the lease agreement. Reciprocity is inapplicable where a vehicle is based and used principally in Pennsylvania.

Finally, defendant argues that he did not knowingly drive an unregistered tractor, citing the reasoning in *Commonwealth v. Karl,* 340 Pa. Super. 493, 490 A.2d 887 (1985) in support. Defendant's reliance on *Karl* is misplaced.

In *Karl* the defendant drove his girlfriend's car, unaware that the registration had expired. The court in *Karl* found that there was "no evidence of scienter as to the non-registration of the vehicle he was seen driving." *Id.* at 501, 490 A.2d at 891. (emphasis in original) The defendant in *Karl* had no basis for knowing that his girlfriend's vehicle was not properly registered.

As distinguished from *Karl,* the facts in this case clearly demonstrate that the defendant knew his tractor was registered in Ohio, not Pennsylvania.

Further, he, as the driver of this tractor, knew the tractor was stored in Mifflintown, that it was from Mifflintown that he started his day and that it was to Mifflintown that he regularly returned the tractor. Moreover, as a professional driver, defendant is aware that his tractor must be appropriately registered.

Accordingly, we enter the following

## ORDER

And now, October 13, 1989, defendant Kenneth R. Wagner's appeal is denied and the conviction affirmed.