384 A.2d 1305

**COMMONWEALTH of Pennsylvania**

v.

**Robert WASHER, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**William WASHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided April 13, 1978.

Alan Ellis, State College, for appellants.

James E. Davis, District Attorney, Tunkhannock, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellants [1] contend that their guilty pleas were not voluntarily and knowingly entered because (1) a printed questionnaire and information sheet may not supplement an on-the-record guilty plea colloquy and, (2) even if such forms may supplement a guilty plea colloquy, the record does not establish that appellants knew the essential elements of the right to jury trial. We agree with appellants' second contention and, consequently, we reverse the lower court.

On April 9, 1976, pursuant to negotiated bargains, appellants each pleaded guilty to one count of delivery of a

---

1. Appellants were charged with the same offense, received the same sentences, and filed identical petitions to withdraw their guilty pleas *nunc pro tunc.* Their appeals were consolidated.

controlled dangerous substance.[2] On May 13, 1976, the Court of Common Pleas of Wyoming County sentenced each appellant to restitution of $185.00 to the Bureau of Drug Control, a fine of $1000.00 plus the costs of prosecution, and a prison term of not less than one and not more than three years. Subsequently, on June 21, 1976, appellants filed P.C.H.A. petitions[3] in which they alleged that the guilty were not voluntarily and knowingly entered because the lower court failed to establish that appellants understood the essential elements of the right to trial by jury. On July 30, 1976, appellants petitioned the lower court for leave to withdraw the guilty pleas *nunc pro tunc*.[4] The court denied the petitions to withdraw on November 1, 1976. This appeal followed.

Appellants first contend that a written questionaire and information sheet outlining the rights being waived may not supplement the on-the-record guilty plea colloquy required by Rule 319 of the Pennsylvania Rules of Criminal Procedure.[5] In the instant case, we find that the record as a whole, including the guilty plea colloquy and the written

2. The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 1 et seq.; 35 P.S. § 780–101 et seq.

3. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) No. 1580, §§ 1 et seq., effective March 1, 1966; 19 P.S. §§ 1180–1 et seq.

4. A court appointed public defender represented appellants at the guilty plea colloquies. On July 14, 1976, in response to appellants' P.C.H.A. petitions, the court appointed new counsel to represent appellants. Subsequently, on July 26, 1976, counsel for the instant appeal entered his appearance. The lower court set a date of August 17, 1976 for a hearing on the P.C.H.A. petition and set the same date for a hearing on the petition to withdraw the plea *nunc pro tunc*. Consequently, the lower court treated both petitions as one consolidated petition and reached the merits of appellants' challenge. Thus, the merits of appellants' argument are properly before us. See also, *Commonwealth v. Schwartz*, (Filed July 26, 1977).

5. Pa.R.Crim.P.; 19 P.S. Appendix 319(a) (1977) provides: "A defendant may plead not guilty, guilty, or with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly made. Such inquiry shall appear on the record."

forms, did not establish that appellants' pleas were voluntarily and knowingly entered. Consequently, we do not reach the broader issue of whether Rule 319(a) permits such written forms to supplement an on-the-record colloquy.

Appellants contend that the record does not establish that the guilty pleas were voluntarily and knowingly entered because it does not reflect whether appellants understood the essential elements of the right to trial by jury. Specifically, appellants maintain that the record at no point demonstrates that appellants understood that the right to trial by jury encompasses the right to a unanimous verdict. We agree.

Rule 319(a) provides that "a judge . . . shall not accept [a plea of guilty] unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly made. Such inquiry shall appeal on the record." The Comments to Rule 319(a) further stated, in pertinent part:

"It is difficult to formulate a comprehensive list of questions a judge must ask of a defendant in determining whether the judge should accept the plea of guilty. Court decisions constantly add areas to be encompassed in determining whether the defendant understands the full impact and consequences of his plea, but is nevertheless willing to enter that plea. It is recommended, however, that at a minimum the judge ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

Moreover, in *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977), our Supreme Court interpreted the six questions as "*mandatory* during a guilty plea colloquy and the failure to 'satisfy these minimal requirements will result in reversal.'" (emphasis in the original).

■ Consequently, in determining whether the plea was voluntarily and knowingly entered, the lower court must establish on the record that the defendant understands that he is waiving the right to trial by jury. *See* Pa.R.Crim.P. 319, Comment; *Commonwealth v. Mack,* 466 Pa. 12, 351 A.2d 278 (1976); *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Dyson,* 249 Pa.Super. 503, 378 A.2d 408 (1977). Further, the record must demonstrate that the defendant understands the essential elements of the right to trial by jury. In *Commonwealth v. Mack,* supra, the colloquy regarding defendant's waiver of the right to trial by jury consisted only of the court's asking the defendant whether he knew that by entering a guilty plea he relinquished the right to a jury trial. The Supreme Court concluded that the colloquy was defective for failing to comply with "every statement of what the colloquy must show from *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968), to the recent statement in *Commonwealth v. Ingram*". *Commonwealth v. Mack,* supra, 466 Pa. at 14, 351 A.2d at 280 (Citations omitted).

In *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973), our Supreme Court established the basic requirements of a colloquy in which an appellant may effectively waive the right to a jury trial. The Court reasoned that before appellant could waive his right to a jury trial, the record must establish that he knew the essential ingredients which are necessary to understand the right he was waiving. "These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community   .   .   . , that the verdict be

unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Commonwealth v. Williams,* supra, 454 Pa. at 373, 312 A.2d at 600.

*Commonwealth v. Williams,* supra, involved a colloquy in which the appellant waived the right to trial by jury while the instant case concerns a guilty plea colloquy. However, the requirements articulated in *Williams,* supra, are equally applicable to a guilty plea colloquy. As our Supreme Court recognized in *Commonwealth v. Morales,* 458 Pa. 18, 326 A.2d 331 (1974), "A guilty plea constitutes a waiver of constitutional rights, and if one does not understand those rights or the consequences of waiving those rights, the plea cannot stand." 458 Pa. at 20, 326 A.2d at 332. Thus, to validate a guilty plea colloquy in which appellant waives the right to trial by jury without understanding, the essential elements of that right is to render meaningless the requirements that a guilty plea be entered knowingly and voluntarily. *See* Rule 319(a); *Commonwealth v. Ingram,* supra; *Commonwealth v. Willis,* supra.

In the instant case, the record fails to establish that appellants were adequately informed of all the essential ingredients of a jury trial which are necessary to understand the importance of the right being relinquished. Specifically, the record does not at any point demonstrate that appellants knew that they were entitled to a unanimous jury verdict. The portion of the on-the-record colloquy concerning the right to trial by jury consists solely of the following:

"THE COURT: Are you aware that you have a constitutional right to plead not guilty and to be tried by a jury or this court without a jury?

"DEFENDANT: Yes, I do.

"THE COURT: Are you aware that if you elect upon trial in either fashion that I have described that you are presumed innocent unless the Commonwealth proves your guilty beyond a reasonable doubt?

"DEFENDANT: Yes, I do."

Moreover, the printed questionnaire and information sheet were equally deficient in establishing that appellants voluntarily and knowingly waived their right to trial by jury. The questionnaire, entitled "Questions To Determine Whether Guilty Plea Is Understandingly And Voluntarily Made," contained the following questions regarding the right to trial by jury:

"III.  Constitutional Privileges

"1.  Are you aware of your constitutional privilege for trial by jury?

"2.  Are you aware of your constitutional right to be tried by the court without a jury, as an alternative to jury trial?

"3.  Are you aware that in the event that you plead not guilty and are tried by jury or by the court without a jury, that you are presumed innocent until proven guilty beyond a reasonable doubt, and that the burden is on the Commonwealth of Pennsylvania?"  The information sheet, entitled "Right Of The Defendant," described the right to jury trial as follows:

"(a) Jury trial

You have the right to be tried by a jury of twelve residents of this county.  A group of people will come to the Court House at the time of trial and you will be permitted to help select the twelve from that group who will try your case.  A list of jurors for each term of court is published before the term, and you may obtain a copy of the list from the Clerk of the Courts so that you can go over it and familiarize yourself with the names, addresses and occupations of the persons on that list."

It is clear that the record fails to demonstrate whether appellants understood the essential ingredients of the right to trial by jury which they waived by entering guilty pleas. The on-the-record colloquy and the written questionnaire and printed information sheet, whether viewed independently or as a whole, fail to establish that appellants understood that the right to trial by jury encompasses the right to a unanimous jury verdict. *See Commonwealth v. Williams,*

supra. Because the colloquy and written forms were deficient, appellants' guilty pleas were not voluntarily and knowingly entered as required by Rule 319(a) and *Commonwealth v. Ingram,* supra. Accordingly, we vacate the judgments of sentence and remand for new trials.

VAN der VOORT, J., dissents and would remand for a hearing to determine whether or not the guilty plea was voluntarily and knowingly made.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.