396 A.2d 460

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph COXSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Dec. 28, 1978.

Charles F. Gilchrest, Sharon, for appellant.

Samuel J. Orr, IV, District Attorney, Greenville, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Joseph Coxson, entered guilty pleas on July 23, 1975, to charges of indecent assault and corrupting the morals of a minor. He was sentenced on September 5, 1975, and thereafter filed an appeal to the Superior Court.[1] On December 20, 1976, our Court remanded this case to the lower court to allow appellant to file a petition nunc pro tunc to withdraw his guilty plea.[2] Subsequently, appellant filed a petition nunc pro tunc in the lower court to withdraw his plea. After a hearing on the petition, the lower court denied the petition and appellant is again before us on appeal, challenging the validity of his guilty plea.

Appellant raises several claims, among them the argument that his guilty plea was not knowingly or intelligently made because he was never adequately advised of the essential elements of his right to a jury trial. After reviewing the record from the transcript of the guilty plea colloquy, we are constrained to find merit in this argument.

1. At Superior Court No. 109 April Term, 1976.

2. The author of this Opinion was noted as dissenting to that earlier order.

During the course of the colloquy, the following excerpt is the only instruction by the court as to appellant's right to choose trial by jury: "You have the right to a trial either by jury or before the judge without a jury at which time the judge would act as both judge and a jury, if you and the judge request and agree to such a trial." While the appellant indicated his full understanding of this explanation, the pronouncements by our Pennsylvania Supreme Court, in *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973), make it clear that the explanation of jury rights was deficient in this case. In *Williams,* the court held that the trial court, when accepting a guilty plea, must be assured that the criminal defendant knows that the 12 jurors would be chosen from members of the community, that the accused would be permitted to participate in the selection of the jury panel, and that the jury verdict would have to be unanimous. If these factors are not explained to the accused during the guilty plea colloquy, the court cannot be assured that the waiver of a right to jury trial was knowingly or intelligently made. *Commonwealth v. Williams, supra; Commonwealth v. Hooks,* 450 Pa. 562, 301 A.2d 827 (1973); *Commonwealth v. Stokes,* 450 Pa. 167, 299 A.2d 272 (1973). Under the facts here present, the appellant's guilty plea cannot stand.

Judgment of sentence is reversed and a new trial is granted.

SPAETH, J., files a concurring statement.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I agree with the result reached by the majority in this case but should like to add the following cases as supporting the principle that a guilty plea colloquy must include a full explanation of the right to a trial by jury. *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977); *Commonwealth v. Washer,* 253 Pa.Super. 209, 384 A.2d 1305 (1978).