419 A.2d 685

**COMMONWEALTH of Pennsylvania**

v.

**Dale Raymond WHITE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1980.

C. Roy Weidner, Jr., Lemoyne, for appellant.

J. Michael Eakin, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

Appellant, Dale Ray White, Jr., appeals from the dismissal of a post–conviction petition filed pursuant to the Post Conviction Hearing Act [hereinafter: PCHA], Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1979–80). White contends that he should be permitted to file a petition to withdraw guilty pleas *nunc pro tunc* because he was never properly advised of his right to withdraw guilty pleas by the sentencing court or by his court–appointed trial counsel.[1] We agree and remand to

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

1. In the alternative, White argues that the PCHA court denied him a "full and fair hearing" on his petition. See PCHA, 19 P.S. § 1180–9. White contends that the PCHA court improperly refused to hear testimony from two witnesses on White's claim that trial counsel was ineffective. White requests that the PCHA record be opened and that the two witnesses be permitted to testify. In view of our disposition of the case, infra, we do not reach this issue.

permit the filing of a petition to withdraw guilty pleas *nunc pro tunc.*

The record reveals the following facts:

On February 16, 1977, White entered a counseled guilty plea to the charge of unauthorized use of a motor vehicle. On May 16, 1978, while still unsentenced on the previous plea, White entered counseled guilty pleas to charges of attempted robbery and escape. Judgments of sentence were imposed on all three charges on May 19, 1978. No direct appeal was taken.

On February 7, 1979, White filed a pro se post–conviction petition under the PCHA. Counsel was appointed, and an amended post–conviction petition was filed on April 3, 1979.[2]

An evidentiary hearing was held on May 4, 1979. The Commonwealth objected to pursuing the issues raised in the amended post–conviction petition because White had failed to petition for the withdrawal of his guilty pleas and to directly appeal. The PCHA court thereafter held, *inter alia,* that White knowingly, intelligently and voluntarily waived his right to petition to withdraw his guilty pleas.

The PCHA court premised its holding on the colloquy at sentencing between the court and White. After imposing sentence and announcing his reasons therefor, the sentencing judge advised White of his right to appeal the judgments of sentence. The following transpired:

"[THE COURT:] Now, you have a right of appeal from these sentences, but any appeal has to be taken within thirty days, and if you take an appeal then your reasons for the appeal must all be set forth in the initial application or they will be deemed waived. The public defender has been representing you and his services will be availa-

**2.** The amended petition averred that a confession had been unlawfully obtained; that White was denied effective assistance of counsel; that the guilty pleas were unlawfully induced; and, that White's right to appeal had been obstructed by state officials. The amended petition also averred that these claims had not been previously waived because White had not been properly advised of his right to petition to withdraw the guilty pleas.

ble to you for the purposes of taking an appeal. Do you have any questions?"

White asked several questions concerning the length of the sentences and whether they were imposed concurrently or consecutively. Thereafter, the court conferred with counsel at side bar and then advised White of his right to petition for the withdrawal of the guilty pleas.

"THE COURT: I omitted to tell you one rather important thing, and that is if you desire to appeal your sentences your first step would be within ten days to apply to the court for leave to withdraw your guilty pleas, and if you were successful in that then of course there would be a resentencing or a retrial, but the first step is that within ten days to move to withdraw your guilty pleas. Do you understand that?

"Mr. White: Yes."

The PCHA court held and the Commonwealth argues instantly that the colloquy, taken as a whole, properly advised White of his right to petition to withdraw the guilty pleas. White, however, argues that the colloquy is deficient because he was not informed of his right to counsel in pursuing a petition to withdraw or of the consequences of failing to so petition. White further argues that the record is devoid of any indication that these deficiencies were cured by counsel. We agree that White was not properly advised of the consequences of failing to petition to withdraw the guilty pleas.

In *Commonwealth v. Johnson*, 258 Pa.Super. 214, 216, 392 A.2d 760, 762 (1978), this court held that, before a valid waiver of the right to petition to withdraw a guilty plea could be found, the record must demonstrate that the appellant knowingly and intelligently waived such right. The waiver must be based upon affirmative proof in the record that appellant had been apprised by the lower court or his counsel of, *inter alia*, the consequences of not filing a petition to withdraw guilty pleas. Instantly, the sentencing

court advised White of his right to petition to withdraw within ten days; however, the court did not mention the consequences of failing to so petition. Nowhere in the present record did the sentencing court or counsel[3] advise White that he could not attack the validity of his pleas on appeal unless he petitioned to withdraw the pleas. See *Commonwealth v. Johnson*, supra, 258 Pa.Super. at 216, 392 A.2d at 762.

Although the sentencing court advised White that failure to state all the reasons "for the appeal" in the "initial application" would result in a waiver, when the sentencing court subsequently advised White of his right to petition to withdraw the guilty pleas, it did not explain that this petition to withdraw was the "initial application" referred to in the earlier colloquy which concerned the right to appeal the sentences. In short, the sentencing court's discussion about the "initial application" and "waiver" was not subsequently connected to its colloquy on the right to petition to withdraw guilty pleas. Accordingly, a knowing, intelligent and voluntary waiver cannot be based on the instant record. The case is, therefore, remanded to permit White to petition to withdraw the guilty pleas *nunc pro tunc.* See *Commonwealth v. Brandon*, 485 Pa. 215, 217, 401 A.2d 735, 737 (1979); *Commonwealth v. Johnson*, supra, 258 Pa.Super. at 218, 392 A.2d at 763.

WICKERSHAM, J., files a dissenting opinion.

3. White's court–appointed attorney at the sentencing proceedings testified at the PCHA hearing that it was his practice to fully discuss with defendants their rights when a guilty plea had been entered. Counsel could not specifically recall any such discussion in the instant case; however, counsel did recall that it was upon his recommendation that the sentencing court advised White of his right to move to withdraw the guilty pleas within ten days. Counsel's general practice cannot suffice to demonstrate that in the instant case he advised White of the consequences of failing to move to withdraw the guilty pleas or of the availability of counsel for that purpose. Cf. *Commonwealth v. Tate*, 473 Pa. 478, 480, 375 A.2d 341, 342 (1977); *Commonwealth v. Zaffina*, 432 Pa. 435, 440, 248 A.2d 5, 8 (1968).

WICKERSHAM, Judge, dissenting:

I dissent. On May 19, 1978, while represented by counsel, appellant entered a plea of guilty to the charge of unauthorized use of a motor vehicle. Before sentencing, he entered two other counseled guilty pleas to charges of attempted robbery and escape. On February 7, 1979, appellant filed a *pro se* petition under the Post Conviction Hearing Act and a hearing was held thereon May 4, 1979. Basically, appellant maintained that he was unaware of his right to withdraw his guilty pleas. The majority now holds that the case be remanded to permit appellant to withdraw his guilty pleas because he was not adequately advised of the consequences of failing to file a petition to withdraw the guilty pleas.

A valid waiver of the right to petition to withdraw a guilty plea requires that appellant be advised of "the right to petition to withdraw his guilty plea, of the right to the assistance of counsel in filing such a petition, and of the consequences of not filing such a petition." *Commonwealth v. Johnson*, 258 Pa.Super. 214, 217, 392 A.2d 760, 762 (1978). Read together, the two paragraphs of the sentencing colloquy cited in the majority's opinion clearly demonstrate that the sentencing judge's colloquy complied with these requirements. The majority, however, would have us read these paragraphs separately and out of context with one another. Since I interpret the second paragraph to be a continuation and amplification of the first, I find the majority's interpretation to be awkward and unrealistic.

For the foregoing reasons I would affirm the Order of The Court of Common Pleas dismissing appellant's petition under the Post Conviction Hearing Act and would refuse to give appellant leave to petition to withdraw his guilty pleas nunc pro tunc.