J-A10003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE LEROY SAVAGE | : | |
| | : | |
| Appellant | : | No. 2490 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 15, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004371-2017

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    Filed: September 17, 2020

Willie Leroy Savage appeals from the judgment of sentence of six to twenty years of imprisonment imposed after he pled guilty to the attempted robbery of a pharmacy.  We affirm.

On May 18, 2017, at approximately 2:00 p.m., Appellant entered the Murray Overhill Pharmacy in Media, Pennsylvania, while wearing white latex gloves and a white t-shirt pulled up over the back of his head.  Appellant approached Samantha Papi, who was working at the pharmacy counter with another employee, James McHugh.  Appellant handed Ms. Papi a note that said "I have a gun," before walking around the counter.  Affidavit of Probable

_____

[*] Retired Senior Judge assigned to the Superior Court.

Cause, 5/18/17, at 1.[1]  As Appellant "brush[ed] past" Ms. Papi, he yelled that he had a gun and wanted all of the "per[c]s." *Id*.  He also threatened that "his boys were out front." *Id*.  Ms. Papi and Mr. McHugh told Appellant that they did not have any "percs" and activated a silent alarm.  Appellant fled from the pharmacy, flagging down and boarding an eastbound trolley.  Ms. Papi called 911 and the Media Police Department apprehended Appellant from the trolley.  Once removed, Appellant made several unsolicited remarks, indicating that he was hearing voices, should not have listened to the voices, and that he did not "get anything" so he should not be arrested.  *Id*.  Ms. Papi positively identified Appellant as the actor and police recovered from her the note which said:  "i have a gun I have my partners waiting wit guns outside. We dont want to hurt you, give up all the perc, 30's, 15's 20's 10's, zaney and promethazine with codeen, no one will get hurt we are watch, no cops." *Id*.

Appellant was arrested and charged with attempted robbery, terroristic threats, robbery, simple assault, and related offenses.  On August 18, 2018, Appellant entered into a negotiated plea agreement, whereby he pled guilty to a consolidated count of attempted robbery and the Commonwealth withdrew the other charges and recommended a sentence of six to twenty years of imprisonment.  The trial court accepted the plea and sentenced

---

[1] At his guilty plea hearing, Appellant stipulated to the facts contained within the affidavit of probable cause filed by the Media Police Department as the factual basis for his plea.  *See* N.T. Guilty Plea Hearing, 8/15/18, at 16-17.

- 2 -

Appellant in conformity with the Commonwealth's recommendation. Appellant did not file a post-sentence motion.

Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court thereafter authored its Rule 1925(a) opinion. Appellant presents the following issue for our review: "Did the trial court err, abuse its discretion, and/or make a mistake of law when it accepted a guilty plea and sentenced [Appellant] for attempted robbery pursuant to 18 Pa.C.S. § 901 and not 18 Pa.C.S. § 3701?" Appellant's brief at 2.

Appellant argues that his sentence is illegal. **See** Appellant's brief at 6. Because the legality of a sentence presents a pure question of law, our scope of review is plenary, and our standard of review is *de novo*. **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.2d 875, 889 (Pa.Super. 2019). "If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated." **Commonwealth v. Stevenson**, 850 A.2d 1268, 1271 (Pa.Super. 2004) (*en banc*).

Specifically, Appellant argues that "the crime of attempted robbery is not possible," because robbery itself does not require the completion of the predicate offense.[2] Appellant's brief at 6. In support of his position, Appellant

---

[2] A person is guilty of robbery, if he: 1) inflicts serious bodily injury upon another; 2) threatens another with or intentionally puts another in fear of immediate serious bodily injury; 3) commits or threatens immediately to commit any felony of the first or second degree; 4) inflicts bodily injury upon

cites **Commonwealth v. Austin**, 906 A.2d 1213 (Pa.Super. 2006). **See** Appellant's Brief at 6. Without citing to any authority to buttress its reasoning, the trial court agrees with the defense position and requests that we vacate Appellant's sentence. **See** Trial Court Opinion, 10/24/19, at 2. We disagree.

First, **Austin**, did not hold that a conviction or sentence under § 901 for attempted robbery is *per se* illegal. Instead, the **Austin** court held that a felony-murder conviction could not be sustained after the jury acquitted the defendant of the underlying predicate felony: robbery. **Austin**, **supra** at 1221. While there is no mention of the possibility of attempted robbery in the majority, the concurrence pointed out that a jury instruction that there was no such crime as attempted robbery was "not correct as a general presumption." **Id**. at 1224 n.7 (citing **Commonwealth v. White**, 440 A.2d 1198, 1200-01 (Pa.Super. 1982) (approving plea to attempted robbery after trial court properly informed the defendant of the elements of attempted robbery)).

Second, **Austin** has no precedential value, since it was later overturned by the Pennsylvania Supreme Court. **See Commonwealth v. Miller**, 35 A.3d

---

another or threatens another with or intentionally puts him in fear of immediate bodily injury; 5) physically takes or removes property from the person of another by force however slight; 6) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to drive the financial institution thereof. **See** 18 Pa.C.S. § 3701. A person is guilty of criminal attempt when, "with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901.

1206 (Pa. 2012). In **Miller**, our Supreme Court held that the **Austin** court erred in concluding that because the Commonwealth failed to prove that the defendant killed the victim while in perpetration of a robbery that the second-degree murder conviction could not stand. **Id**. at 1212. Our Supreme Court rejected the **Austin** court's holding in favor of retaining Pennsylvania's longstanding acceptance of inconsistent verdicts. **Id**. In doing so, the **Miller** court explained that in order to convict someone of second-degree murder the Commonwealth is not required to prove that the accused actually committed the predicate offense. **Id**. Importantly, an attempt to commit the predicate offense is sufficient to sustain a felony murder conviction. **Id**.

Accordingly, Appellant has failed to persuade us that his sentence for attempted robbery is illegal.[3] Since we find that the trial court did not err in accepting Appellant's negotiated guilty plea to attempted robbery and in issuing the corresponding sentence, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

_____

[3] To the extent that Appellant's challenge to the legality of his sentence is actually an attempt to attack the sufficiency of the evidence to convict him of attempted robbery, we note that Appellant waived this avenue of appeal when he entered into a guilty plea. **See** Guilty Plea Colloquy ¶ 21; **see also Commonwealth v. Rounsley**, 717 A.2d 537, 539 (Pa.Super. 1998) ("It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea[.]").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/20